**In re Alton Vaughn BYRUM, Juanita Doris Byrum, Debtors.**

**Alton Vaughn BYRUM and Juanita Doris Byrum, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**No. CV 91–2859 MRP.**
**Bankruptcy No. SA 88–6605 JR.**
**Adv. No. SA 90–992 JR.**

United States District Court,
C.D. California.

Jan. 17, 1992.

Ralph R. Loyd, George L. Rogers, Huntington Beach, Cal., for appellees.

Lourdes G. Baird, U.S. Atty., Mason C. Lewis, AUSA, Richard G. Stack, AUSA, Los Angeles, Cal., for appellant.

### MEMORANDUM OF DECISION AND ORDER

PFAELZER, District Judge.

This appeal concerns whether a tax fraud penalty assessed by the Internal Revenue Service ("IRS") against the debtors Alton Vaughn Byrum and Juanita Doris Byrum ("the Byrums") is dischargeable under Chapter 7 pursuant to section 523(a)(7)(B) of the Bankruptcy Code. 11 U.S.C. § 523(a)(7)(B). Bankruptcy Court Judge John E. Ryan held that the debt was dischargeable. In reaching this determination, Judge Ryan had occasion to construe section 523(a)(7), which sets forth various exceptions to discharge of debts under the Bankruptcy Code. He concluded first that the language of section 523(a)(7) is unambiguous as it applies to the facts of the Byrums' case, and second, that under section 523(a)(7) a tax penalty imposed on a tax liability arising more than three years before the filing of a bankruptcy petition was dischargeable, even where the underlying tax liability was not. Accordingly, the tax penalty assessed by the IRS against the Byrums was discharged by the Bankruptcy Court. This Court affirms.

### FACTS AND BASIS OF JURISDICTION

On May 7, 1979, the Byrums filed a joint income tax return for the calendar year

1978. The return failed to disclose income from Mr. Byrum's business, Diesel Electric Company. On December 23, 1982, the IRS assessed the Byrums a tax for 1978 of $51,745.63, plus a fraud penalty of $25,872.82, plus an interest assessment of $24,143.94.

On November 7, 1988, the Byrums filed a joint voluntary petition under Chapter 7 which listed the IRS as a creditor for $177,478.06 on their A–3 schedules. On March 22, 1989, the Byrums were granted a discharge. There was, however, some question as to whether the discharge relieved the Byrums of their debt to the IRS.

The present litigation began when the Byrums sought a declaration that the IRS assessment was fully discharged. On April 26, 1991, the Bankruptcy Court entered a Memorandum Opinion in which it granted the Byrums' motion for summary judgment as to the dischargeability of the penalty component of the IRS's 1978 tax claim but denied the motion as to the dischargeability of the IRS's claim for the 1978 taxes plus interest.

On May 6, 1991 the IRS filed an appeal from that portion of the Bankruptcy Court's Order finding the tax fraud penalty dischargeable. On May 8, 1991 the IRS filed an Objection to Hearing and Disposition by the Bankruptcy Appellate Panel. This Court is authorized to hear this appeal pursuant to 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

A Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard, whereas its conclusions of law are reviewed *de novo*. *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1469 (9th Cir. 1988); *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1399 (9th Cir.1984). Because this appeal involves only a question of law, the conclusions of the Bankruptcy Court will be reviewed *de novo*.

## ANALYSIS

The question presented on appeal is whether 11 U.S.C. 523(a)(7)(B) provides an exception, applicable to the Byrum's tax penalty debt, to the general discharge of debts issued to the Byrums on March 22, 1989.

Section 523(a) reads, in relevant part:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.   .   .   .   .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition....

The IRS contends that subsection 523(a)(7) is ambiguous, and therefore it is necessary for the Court to look to legislative history to construe its meaning. This Court does not agree. The language of section 523(a)(7)(b) imposes an exception to an exception to an exception to the dischargeability of a debt. *In re Burns*, 887 F.2d 1541, 1544 (11th Cir.1989) Accordingly, the subsection does not make easy reading. Working through the exceptions to exceptions to exceptions may be likened to working through an algebra problem, or a problem in symbolic logic. However, like an algebra or logic problem, that it may take some work does not mean that the solution, once reached, necessarily will be ambiguous. As the *Burns* court said, "once the triple negative is taken into account the meaning of the provision gains clarity." 887 F.2d at 1544.[1] Likewise, the Tenth Circuit noted that "the language of subsection [523(a)(7)](A) and subsection [523(a)(7)](B) is neither ambiguous nor dif-

---

**1.** As the *Burns* court also noted, in *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1987), the Supreme Court concluded that the portion of section 523(a)(7) that *precedes* the tax penalty exception "is subject to

interpretation." 887 F.2d at 1544 n. 3. However, "[t]he finding of ambiguity in that portion of the sentence does not form a basis to challenge the unambiguous language of the autonomous provision on tax penalties." *Id.*

ficult to understand." *Roberts v. United States*, 906 F.2d 1440, 1443 (10th Cir.1990). This Court agrees that the language of subsections 523(a)(7)(A) & (B) is not ambiguous, and therefore will proceed to apply the language to the present facts.

Section 523(a)(7) specifies two conditions under which a tax penalty is dischargeable. First, subsection 523(a)(7)(A) makes a tax penalty dischargeable if the penalty relates to a tax of a kind not specified in subsection 523(a)(1). Second, subsection 523(a)(7)(B) states that the tax penalty is dischargeable if it is imposed with respect to a transaction or event that occurred more than three years before the date of the filing of the petition. The tax on which the Byrums' tax penalty was computed is of a kind specified in subsection 523(a)(1), and therefore 523(a)7(A) does not lead to discharge. But subsection 523(a)(7)(B) represents an independent basis for discharge, as is evidenced by the use of the word *or* separating paragraphs 7(A) and 7(B). As the court noted in *Burns*, 887 F.2d at 1544, "[s]ince the statute uses the disjunctive, a tax penalty that does not qualify for discharge under one of the two aforementioned circumstances may still qualify under the other." Accordingly, because the tax penalty was assessed more than three years before the Byrums filed for Chapter 7 relief, subsection 523(a)(7)(B) clearly indicates that the debt to the IRS was dischargeable.[2]

Having rejected the IRS's contention that the subsection is ambiguous, the Court now turns to the IRS's argument that even if the language of the statute is clear, it should be interpreted in light of its legisla-

tive history. The IRS relies primarily on *Bob Jones University v. United States*, 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983), to support its view. According to the Court in *Bob Jones*, "[i]t is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute...." 461 U.S. at 586, 103 S.Ct. at 2025. The problem though with the IRS's argument is that the clear meaning of the language of subsection 523(a)(7), if given effect, cannot be said to defeat the plain purpose of the Bankruptcy Code or its component sections. There is nothing to suggest that allowing the discharge of tax penalties that had been imposed with respect to a transaction or event that occurred more than three years before the date of the filing of the bankruptcy petition would subvert the policies that underlie the Bankruptcy Code or defeat its plain purpose or the purposes of its component sections.[3]

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the bankruptcy court is AFFIRMED.

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court serve copies of this Opinion on the parties forthwith.

IT IS SO ORDERED.

---

**2.** In reaching this conclusion, this Court rejects the reasoning of those cases, cited in Appellant's briefs, that reached a contrary result based primarily on legislative history. While this Court finds the language of section 523(a)(7) unambiguous and therefore does not base its holding on the section's legislative history, the Court notes that the legislative history is not clearcut, and therefore not terribly helpful. *See, e.g., Burns*, 887 F.2d at 1545–51.

**3.** For example, according to the court in *Roberts v. United States:*
It is not illogical or absurd ... for Congress to choose to treat tax penalties, which serve to

induce obedience to the tax law, differently than the underlying tax liability. Whereas Congress might have wished to prevent bankruptcies intended solely to escape outstanding tax debts, it could have concluded that no such precaution was necessary with respect to unpaid tax penalties. A taxpayer discharged of burdensome tax penalties may prove better capable of generating new income from which to satisfy outstanding tax debts as well as producing new tax revenues, thus furthering the goals of both the Bankruptcy Code and the Revenue laws.
906 F.2d at 1443 n. 4.